UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 17-20522-CIV-MORENO

RENZO BARBERI,

   Plaintiff,

vs.

LUISI DOLLAR DISCOUNT MINI
MARKET, INC., D/B/A CASTILLO
MARKET and BROTHERS, LLC,

   Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

### I.  BACKGROUND

This case is a one-count Americans with Disabilities Act claim by Renzo Barberi against

Luisi Dollar Discount Mini Market d/b/a Castillo Market and the lessor/owner of Castillo

Market, Dimar and Brothers, LLC. Barberi is a paraplegic who visited the Market to purchase

groceries, but was unable to successfully shop because of certain architectural boundaries

allegedly violating various ADA provisions involving: accessible routes, disabled-person

parking spaces, passenger loading zones, signage, self-serve merchandise aisles, steps, broken

tiles and uneven surfaces, service counters, and service areas. Barberi alleges that removal of

these discriminatory barriers is readily achievable and technically feasible. He lives in close

proximity to the Market, is frequently in the area, and intends to return within the next six

months to shop or to further investigate ADA compliance.

Barberi alleges 12 total violations of the ADA[1] and seeks declaratory and injunctive

relief. Defendants move to dismiss the complaint or, alternatively, move for a more definite

statement.[2] Specifically, Defendants maintain that: (1) Barberi lacks standing; (2) the complaint

is a form complaint that fails to plead any disability or architectural barriers encountered by

Barberi; and (3) the Market is not governed by the ADA because it is not a place of public

accommodation. This Court concludes that Barberi's complaint is sufficient, but grants leave to

Defendants to reargue standing at summary judgment with the benefit of a more complete

record.

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain...a short and plain statement of the

claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual

allegations are not required, the allegations must include "enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555. A pleading must offer more than "labels and

conclusions" or "a formulaic recitation of the elements of the cause of action." *Id.*

---

[1] The complaint suggests that there are other violations not yet known, but identifiable after an on-site inspection. However, as Defendants argue, Barberi has no standing for claims arising from violations of which he lacked knowledge at the time the complaint was filed. *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001).

[2] Defendants each filed a separate, but nearly identical motion. Thus, the Court treats the two motions as one.

## III.    ANALYSIS

### A.    Standing

Defendants argue that Barberi does not have standing to bring his claim.  At the motion

to dismiss stage, the courts evaluate standing based on the facts alleged in the complaint.  *Shotz*

*v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).  To establish standing, a plaintiff must satisfy

three requirements:  (1) injury-in-fact; (2) a causal connection between the injury and the

challenged conduct; and (3) that the injury will be redressed by a favorable decision.  *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Proof of past discrimination in violation of the ADA satisfies the injury-in-fact

requirement.  *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla.

2001).  But, a plaintiff seeking injunctive relief in relation to future conduct also "must show a

sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."

*Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).  Said differently, in

ADA cases, a plaintiff must establish *past* discrimination and *future* discrimination to satisfy

injury-in-fact.[3]  *See id.* at 1329.  The threat of future discrimination has to be "real and

immediate—as opposed to merely conjectural or hypothetical."  *Id.* (citing *Shotz*, 256 F.3d at

1081).  Here, Defendants argue that Barberi does not adequately allege past discrimination or the

threat of future discrimination.

### 1.    *Barberi Sufficiently Alleges Past Discrimination*

Defendants argue that Barberi did not suffer an injury-in-fact because his purpose for

entering the Market was to obtain evidence for one of his more than 300 ADA lawsuits filed as a

"tester."  Barberi responds that his motive for visiting the Market is irrelevant.  The Eleventh

---

[3] Injunctive relief is the only form of relief available under Title III of the ADA.  *See* 42 U.S.C. § 12188(a).

Circuit has clearly held that a tester's motive for visiting a store does not negate injury-in-fact. *Houston*, 733 F.3d at 1334. Thus, Barberi's 300 lawsuits have no relation to his standing to bring this individual claim. Here, accepting all facts in the complaint as true, Barberi alleges that he is disabled and was denied full and equal treatment at the Market because he encountered discriminatory barriers. This is sufficient to show past discrimination.

2.  ***Barberi Sufficiently Alleges Threat of Future Discrimination at the Motion to Dismiss Stage***

Defendants argue that Barberi does not sufficiently allege that he will suffer future discrimination because his potential to return to the Market is speculative, and an injunction based on Barberi's spontaneous desire to visit the Market would be improper. In response, Barberi stands on his allegation that his intention to visit sometime in the next six months satisfies standing.

Courts in this District have looked at four factors when considering the likelihood of future ADA discrimination: (1) proximity of the subject property to plaintiff's residence, (2) plaintiff's past patronage of the defendants' business, (3) definitiveness of plaintiff's plan to return, and (4) plaintiff's frequency of travel near the subject property. *Fox v. Morris Jupiter Assocs.*, No. 05-80689, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007); *see also Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 832 (11th Cir. 2017) (citing *Houston*, 733 F.3d at 1337 n.6) ("In the ADA context, our standing inquiry has focused on the frequency of the plaintiff's visits to the defendant's business and the definitiveness of the plaintiff's plan to return.").

The Eleventh Circuit has provided guidance in navigating these four factors in *Houston v. Marod Supermarkets, Inc.* In *Houston*, Joe Houston was an ADA tester seeking injunctive relief against a grocery store. 733 F.3d at 1325-27. The store argued that Houston could not

-4-

demonstrate the required imminent threat of future discrimination because he lived 30 miles away and did not state when his prior visits took place or provide concrete plans or reasons to revisit in the future. *Id.* at 1326. Houston submitted an affidavit stating that he had visited the store and would likely visit again—not only to test it for ADA compliance, but also because it was located near his lawyers' offices. *Id.* at 1327. The affidavit included two receipts from the store on two separate occasions and explained that he frequents his lawyer's office in the immediate vicinity. *Id.* He gave no specific future date or number of times he planned to return. On these facts, the Eleventh Circuit found that the threat of future injury was not hypothetical or conjectural and held that Houston had standing to bring his claim. *Id.* at 1336-37.

In comparison, Barberi does not allege facts demonstrating the same likelihood of future injury. Barberi alleges that he visited the Market, but does not specify when or how many times. He alleges that he is in "close proximity," but does not specify a distance. He alleges that the store is in an area he "frequently travel[s]," but does not explain why. And he alleges that he intends to return within six months to shop or to monitor ADA compliance. Unlike the record in *Houston*, which included the actual distance between Houston's residence and the store, receipts indicating at least two prior visits, and information about why Houston was frequently near the store, Barberi's conclusory allegations need further development before his standing can be adequately assessed.

At the motion to dismiss stage, accepting all of Barberi's allegations as true, the complaint is sufficient. But, given the scarce facts available to evaluate the four factors in considering the likelihood of future discrimination, it is more appropriate to resolve the standing issue on a full record. *See, e.g., Houston v. 7-Eleven, Inc.*, No. 8:13-1845-T-17AEP, 2013 WL 6133834, at *4 (M.D. Fla. Nov. 21, 2013). Thus, this Court **DENIES** Defendants' motions to

dismiss for lack of standing, but without prejudice to challenge Barberi's standing at summary judgment with the benefit of a more complete record.

## B.     Barberi Sufficiently Alleges a Disability and Architectural Barriers

Title III of the ADA prohibits discrimination based on disability by public accommodations operated by private entities. 42 U.S.C. § 12182(a). To state a claim under Title III, Barberi must demonstrate that: (1) he is disabled; (2) the Market is a place of public accommodation; and (3) he was denied full and equal treatment because of his disability. *See Access Now, Inc.*, 161 F. Supp. 2d at 1363. Because the alleged discrimination is based on an architectural barrier for a pre-existing building, he also must demonstrate that removal of the barrier is "readily achievable," meaning "easily accomplishable and able to be carried out without much difficulty or expense." *See* 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12181.

Defendants argue that the complaint lacks the specificity required by Rule 8(a) because it: (1) fails to allege a recognized disability; (2) fails to specify which non-conforming architectural barriers Barberi encountered; and (3) fails to address how those barriers should be fixed. Barberi responds that he sufficiently alleges a recognized disability and that the other details Defendants point to are not required at the pleading stage.

Here, all three of Defendants' arguments fail. First, Barberi sufficiently alleges a disability. A disability is "a physical or mental impairment that substantially limits one or more major life activities," including both walking and standing. § 12102. Barberi alleges that he suffers from paraplegia due to severed vertebrae, is confined to a wheelchair, and that the wheelchair is his only means of mobility. Therefore, Barberi clearly alleges a disability.

Second, Barberi adequately specifies the architectural barriers he encountered. He lists 12 architectural barriers that are in violation of the ADA, including: accessible routes, disabled-person parking spaces, passenger loading zones, signage, self-serve merchandise aisles, steps,

-6-

broken tiles and uneven surfaces, service counters, and service areas. Courts in this District have found such listings of alleged barriers as sufficient for pleading purposes. *See, e.g., Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1293 (S.D. Fla. 2012) (Marra, J.); *Ass'n for Disabled Americans, Inc. v. Reinfeld Anderson Family Ltd. Prt.*, No. 12-23798, 2015 WL 1810536, at *7 (S.D. Fla. Apr. 21, 2015) (Cooke, J.) ("A plain and simple allegation of an ADA violation is sufficient."); *Griffin v. J.A.R.S., LLC*, No. 14-60520, 2014 WL 1600315, at *1-2 (S.D. Fla. Apr. 21, 2014) (Rosenbaum, J.).

Third, the complaint does not need to establish how each alleged violation must be altered or cured. Although a plaintiff's case depends on eventually establishing how an architectural barrier can be removed without much difficulty or expense, a detailed analysis is not necessary at the pleading stage. Merely alleging that barrier removal is "readily achievable" satisfies the pleading standard. *Lugo*, 878 F. Supp. 2d at 1295 (discovery is the proper stage to provide additional specificity). *But see Hoewischer v. Park Shopping, Ltd.*, No. 3:10-cv-810-J-37JBT, 2011 WL 4837259, at *4 (M.D. Fla. Oct. 12, 2011) (merely stating that barrier removal was readily achievable was insufficient and did not "raise a right to relief above the speculative level."). Here, Barberi provides a plain and simple list of ADA violations and "that removal of the discriminatory barriers and violations is readily achievable and technically feasible." He is not required to provide further details to state a valid claim.

Therefore, Barberi sufficiently alleges his disability, the architectural barriers, and that the barriers' removal is readily achievable. Accordingly, this Court **DENIES** Defendants' motions to dismiss on these grounds.

### C.    The Market is a Place of Public Accommodation

Defendants argue that all or part of the Market is not subject to the ADA because it is not a place of public accommodation. However, Defendants do not elaborate or cite to any legal

authority to support their incorrect conclusion. Barberi alleges that the Market "is open to the public, its operations affect commerce, and it is a **grocery store**." (Emphasis added). A grocery store is specifically defined by statute as a public accommodation. *See* § 12181(7)(E). Therefore, the Market is a place of public accommodation, and this Court **DENIES** Defendants' motions to dismiss on these grounds.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss are **DENIED** as are the alternative motions for a more definite statement. Defendants shall file an answer to Plaintiff's complaint no later than **July 3, 2017**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___16___ of June 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record